UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Detonya Garrett, | Case No. 25-cv-2128 (JMB/LIB) |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| Bill Eischen, Federal Prison Camp (FPC) Duluth Warden or Current Acting Warden | |
| Respondent. | |

This matter is before the undersigned United States Magistrate Judge on a general assignment under 28 U.S.C. § 636, and on Petitioner Detonya Garrett's Petition for a Writ of Habeas Corpus. [Docket No. 1]. After review, the Court recommends denying the Petition and dismissing this action.

Under the First Step Act of 2018 ("FSA"), most federal prisoners are eligible to earn and apply time credits towards their sentence should they successfully complete "evidence-based recidivism reduction programming or productive activities." 18 U.S.C. § 3632(d)(4)(A). Some federal prisoners, however, are excluded from earning or applying FSA time credits, including prisoners convicted under 18 U.S.C. § 924(c) for use of a firearm during the commission of a drug offense or crime of violence. See 18 U.S.C. § 3632(d)(4)(D)(xxii). Citing that provision, the Federal Bureau of Prisons ("BOP") has refused to award petitioner Detonya Garrett with FSA time credits.

Petitioner believes that this decision of the BOP is unlawful because he was convicted of two offenses—one count of having violated § 924(c) and another count of having possessed a controlled substance with intent to distribute in violation of 21 U.S.C. § 841(a)(1). See United

States v. Garrett, No. 18-cr-880 (EEB) (N.D. Ill.). Only the first of those offenses disqualifies a prisoner from applying FSA time credits. Petitioner's sentences—60 months for the gun offense, 58 months for the drug offense—were imposed consecutively, and Petitioner believes that he should therefore be permitted to apply FSA time credits towards the portion of the sentence attributable to the drug offense. The BOP, however, has refused to award Petitioner any FSA time credits or permit Petitioner to apply any FSA time credits towards any portion of his combined sentence.

Petitioner has filed the present Petition for a writ of habeas corpus challenging the decision of the BOP. His habeas Petition is now before the Court for review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1] After review, the Court concludes that the habeas Petition is without merit and should be denied accordingly.

Petitioner contends that because his sentences were imposed consecutively, the BOP could apply FSA time credits towards the portion of his sentence attributable to his drug offense, which is not among the enumerated offenses excluded from eligibility by 18 U.S.C. § 3632(d)(4)(D). Petitioner attributes the BOP's refusal to award FSA time credits towards the drug offense to BOP regulations, which (according to Petitioner) wrongly interpret the text of the FSA by dictating that a prisoner who has been convicted of one or more offenses enumerated by § 3632(d)(4)(D) will be ineligible to receive time credits towards any potion of a sentence, not only that portion of the sentence attributable to the excluded offense. In his habeas Petition, Garrett asks that the Court find the BOP's regulatory interpretation of the FSA to be incorrect and direct the BOP to award FSA time credits that can be applied towards Petitioner's drug offense.

---

[1] Petitioner's present Petition is not brought pursuant to 28 U.S.C. § 2254, but the Rules Governing Section 2254 Cases may nevertheless be applied to the Petition. See Rule 1(b).

The problem for Petitioner is that it is not BOP regulations that ultimately prevent him from receiving FSA time credits, but federal statutory law. Pursuant to 18 U.S.C. § 3584(c), "[m]ultiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment." As multiple Courts have recognized (including the United States Court of Appeals for the Eighth Circuit, albeit in unpublished decisions), this statutory provision—not BOP regulation—forecloses Petitioner's claims for relief. See Clinkenbeard v. Murdock, No. 24-3127, 2025 WL926451, at *1 (8th Cir. Mar. 27, 2025) (per curiam); Tyler v. Garrett, No. 24-1147, 2024 WL 5205501, at *1 (8th Cir. Dec. 24, 2024); Giovinco v. Pullen, 118 F.4th 527, 531-33 (2d Cir. 2024).

Petitioner is not being denied FSA credits due to a discretionary decision of the BOP or because of a debatable regulatory interpretation of an ambiguous statute but because Congress has spoken on the issue through § 3584(c). Because multiple terms of imprisonment are treated as a single, aggregate term of imprisonment for administrative purposes, a conviction that disqualifies a prisoner from earning FSA time credits acts as disqualifying for the entirety of the sentence, not only that portion of the sentence attributable to the disqualifying conviction. See Colotti v. Peters, No. 25-1191, 2025 WL 1321386, at *2 (3d Cir. May 7, 2025) (per curiam); Hill v. King, No. 23-cv-1365 (KMM/JFD), 2025 WL 1020604, at *5-6 (D. Minn. Apr. 7, 2025); Clinkenbeard v. King, No. 23-cv-3151 (JRT/LIB), 2024 WL 4355063, at *4-5 (D. Minn. Sept. 30, 2024) (denying habeas petition raising identical claim for relief), judgment affirmed by Clinkenbeard, 2025 WL 926451, at *1.

Under § 3584(c), a federal prisoner convicted of two or more offenses may not receive FSA time credits if any of those offenses is excluded pursuant to § 3632(d)(4)(D). Petitioner was

3

convicted under § 924(c), an excluded offense. He is therefore ineligible to receive FSA time credits towards any portion of his ongoing sentence. The habeas Petition should be denied.

Therefore, based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

1. The petition for a writ of habeas corpus of petitioner Detonya Garrett, [Docket No. 1], be **DENIED**; and

2. This action be **DISMISSED with prejudice**.


Dated: May 22, 2025                                        s/Leo I. Brisbois
                                                           Hon. Leo I. Brisbois
                                                           United States Magistrate Judge


## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. See Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).